UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE,<br><br>            Plaintiff,<br><br>    v.<br><br>J. WILKS,<br><br>            Defendant. | No. 2:20-cv-0170 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges defendant touched him in a sexually inappropriate manner in violation of his Eighth Amendment rights. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, the court finds plaintiff fails to state a cognizable claim for relief. The FAC will be dismissed and plaintiff will be given one, final opportunity to amend his complaint to attempt to state a claim for relief.

**BACKGROUND**

Plaintiff is currently incarcerated at the Sierra Conservation Center. He alleges conduct by defendant that occurred when he was incarcerated at High Desert State Prison ("HDSP") in June 2019. On screening, this court found plaintiff failed to state a cognizable claim for sexual misconduct under § 1983. (ECF No. 7.) Plaintiff was given thirty days to file an amended

////

1

complaint. On March 2, 2020, plaintiff filed his FAC. (ECF No. 10.) He again alleges one claim for sexual misconduct. This court considers this FAC below.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff alleges that on June 18, 2019 he was stopped by defendant, Correctional Officer Wilks, as he was leaving the dining hall. Wilks conducted a clothed body search of plaintiff. Plaintiff alleges that during the course of that search, Wilks "intentionally inappropriately touched and rubbed [his] penis several times as he reached between [plaintiff's] legs moving his hands forward and backward for sexual gratification." (ECF No. 10 at 3.) Plaintiff states that this touching lasted for ten to fifteen seconds. When plaintiff later asked Wilks, "was it necessary to touch and rub his penis regarding the clothed body search," Wilks responded, "yes." (Id.)

Plaintiff states that he sought emotional support from the prison's mental health department after the incident. He describes his injuries as emotional and psychological. He seeks compensatory and punitive damages.

**II. Does Plaintiff State a Cognizable Claim under the Eighth Amendment?**

**A. Legal Standards for Sexual Assault in Violation of the Eighth Amendment**

The Ninth Circuit recently defined "sexual assault" for Eighth Amendment purposes. A prisoner presents a viable Eighth Amendment claim where he alleges:

> that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). The Ninth Circuit noted that "[t]his definition recognizes that there are occasions when legitimate penological objectives within a prison setting require invasive searches. It also accounts for the significant deference courts owe to prison staff, who work in challenging institutional settings with unique security concerns." Id. at 1144-45.

Plaintiff Bearchild alleged that an officer patted him down for five minutes, during which he rubbed, stroked, squeezed, and groped Bearchild's "intimate areas." 947 F.3d at 1135. Bearchild did not allege that the search was initially unjustified. Rather, he alleged that the "guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the [invasive] procedure." Id. at 1145. The court noted that these allegations, if proven, could make out an Eighth Amendment claim. Id.

Thus, there are two components to this Eighth Amendment claim. A prisoner must allege facts showing that, subjectively, the officer "act[ed] with a sufficiently culpable state of mind" - that is, "maliciously and with the intent to inflict harm." Wood v. Beauclair, 692 F.3d 1041, 1046, 1049 (9th Cir. 2012) (internal quotation marks and citations omitted). Courts presume sufficient culpability if there is "no legitimate penological purpose for a prison official's conduct." Id. at 1050 (citations omitted).

The second component of the Eighth Amendment claim is an objective one. The alleged wrongdoing must be objectively "harmful enough." Wood, 692 F.3d at 1046. Proof of a physical or psychological injury is not required; "[r]ather, the only requirement is that the officer's actions be 'offensive to human dignity.'" Id. at 1050 (quoting Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) ). "[N]ot every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation." John-Charles v. Abanico, No. C07-5786CW(PR), 2011 WL 738400, at *9 (N.D. Cal. Feb. 23, 2011).

////

Allegations rising to the level of sexual misconduct for Eighth Amendment purposes have included:

- a correctional officer "gripping" an inmate's buttocks "intentionally to discriminate against him," Hill v. Rowley, 658 F. App'x 840, 841 (9th Cir. 2016);
- a correctional officer searching an inmate numerous times, going up and down the inmate's legs and "grabbing and massaging [his] penis and scrotum on each pass," John-Charles, 2011 WL 738400, at *1;
- an officer "grabb[ing] and cupp[ing] [the inmate's] genitals in an aggressive manner," whispering "[y]ou don't feel like a Mexican" into his ear, "aggressively grabb[ing] [the inmate's] genitals again causing another surge of excruciating pain," followed by daily verbal sexual harassment and pat-down searches, Kirkelie v. Thissell, No. 1:15-cv-00735-DAD-SAB(PC), 2017 WL 5900075, at *2-3 (E.D. Cal. Nov. 30, 2017), rep. and reco. adopted, 2018 WL 306666 (E.D. Cal. Jan. 5, 2018);
- an officer "inserting his thumb into a prisoner's anus" with the intent "to humiliate" the prisoner, Rivera v. Drake, 497 F. App'x 635, 638 (7th Cir. 2012);
- and an officer removing an inmate from a visit with his wife and performing a short "gratuitous," "sexually-motivated" search over the inmate's clothes and "'fondl[ing] and squeeze[ing] [his] penis' in order to 'make sure [he] did not have an erection.'" Crawford v. Cuomo, 796 F.3d 252, 258 (2d Cir. 2015).

Conduct not rising to the level of sexual misconduct for Eighth Amendment purposes has included:

- a correctional officer "smiling in a sexual contact [sic]" while rubbing his thigh against an inmate's thigh while the inmate was on the toilet, Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012);
- "a single pat-down frisk in which a correctional officer grabbed [the inmate's] genitals through his clothing two times," Obiegbu v. Werlinger, 581 F. App'x 119, 121 (3d Cir. 2014);

////

- "a brief unwanted touch on [an inmate's] buttocks, absent "sexual comments or banter," or fear of rape or "sexual abuse during the incident." Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998); and
- a brief touching of plaintiff's genitals, Johnson v. Frauenheim, No. 1:18-cv-1477 AWI BAM (PC), 2019 WL 5260447, at * 15 (E.D. Cal. Oct. 17, 2019).

**B. Analysis**

Plaintiff in the present case does not allege that the clothed body search did not have a legitimate purpose. Rather, he alleges that the ten to fifteen seconds that defendant rubbed his hands between plaintiff's legs constituted sexual misconduct. Based on the case law, this court finds plaintiff has failed to allege an Eighth Amendment violation. First, defendant's conduct is not so shocking that it is offensive to human dignity. Defendant was conducting a search. Any touching of plaintiff's genitals was brief. This court finds that plaintiff's allegations do not satisfy the objective component of the Eighth Amendment standards.

Plaintiff's allegations also do not satisfy the subjective requirement. While plaintiff states that defendant's conduct was done for his sexual gratification, there is no indication from plaintiff's allegations that is true. Defendant did not make any suggestive comments and only briefly touched plaintiff's genitals during a search. This court does not find those actions sufficient to presume improper intent. And, nothing plaintiff alleges indicates that defendant took that action for the purpose of humiliating, degrading, or demeaning plaintiff.

While it appears unlikely that plaintiff can state facts sufficient to state an Eighth Amendment claim, this court will give him one more opportunity to attempt to do so.

**CONCLUSION**

This court finds that plaintiff has again failed to state a cognizable claim for sexual misconduct against defendant against Wilks. Plaintiff will be permitted one, final opportunity to amend his complaint.

In his amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is

not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

1 | By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The first amended complaint (ECF No. 10) is dismissed with leave to amend.

2. Within sixty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court shall send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 30, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/whit0170.FAC scrn

7