UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE, | No. 2:20-cv-0170 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. WILKS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant touched him in a sexually inappropriate manner in violation of his Eighth Amendment rights. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, this court finds that, again, plaintiff fails to state a cognizable Eighth Amendment claim and recommends dismissal of this action.

**BACKGROUND**

Plaintiff is currently incarcerated at the Sierra Conservation Center. He alleges conduct by defendant that occurred when he was incarcerated at High Desert State Prison ("HDSP") in June 2019. On screening plaintiff's original complaint and first amended complaint, this court found plaintiff failed to state a cognizable claim for sexual misconduct under § 1983. (ECF Nos. 7, 11.) In both orders, this court advised plaintiff of the standards for stating an Eighth

1

Amendment claim under § 1983.  In addition, in the March 30, 2020 order dismissing the first amended complaint, this court advised plaintiff that it "appears unlikely" he can allege facts sufficient to state an Eighth Amendment claim.  Nonetheless, this court gave plaintiff one, final opportunity to attempt to do so.

**SCREENING**

Plaintiff's allegations in the second amended complaint are largely identical to those stated previously.  He contends that during a clothed search, defendant rubbed his hands back and forth in plaintiff's groin area for ten to fifteen seconds.  Plaintiff also alleges for the first time that in the process of this search, defendant "grabbed" his penis.

This court is sympathetic to plaintiff's feelings that the search was humiliating and inappropriate.  However, even if defendant's conduct was inappropriate, plaintiff's allegations, if proven, do not rise to the level of an Eighth Amendment violation.  The search described by plaintiff was not so objectively shocking that it is offensive to human dignity.  See Wood v. Beauclair, 692 F.3d 1041, 1046, 1049 (9th Cir. 2012).  Defendant was conducting a search that plaintiff does not allege lacked a penological basis.  The touching of plaintiff's genitals was brief.  In addition, plaintiff fails to allege facts showing that defendant intended to gratify himself sexually by his conduct or that he conducted the search in order to humiliate or degrade plaintiff.  See Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

In the March 30 order, this court set out the standards for an Eighth Amendment claim of sexual misconduct and provided numerous examples of cases in which courts found a claim had been sufficiently stated.  In each of those cases, the circumstances involved either much longer periods of inappropriate touching, or sexually explicit comments, or facts showing the defendant intended to humiliate or degrade the prisoner.  See, e.g., Bearchild, 947 F.3d 1130 at 1144 (five minute search involving repeated rubbing, stroking, squeezing, and groping of prisoner's genitals); Kirkelie v. Thissell, No. 1:15-cv-00735-DAD-SAB(PC), 2017 WL 5900075, at *2-3 (E.D. Cal. Nov. 30, 2017) (officer grabbed inmate's genitals in an aggressive and painful manner while whispering sexually explicit comments), rep. and reco. adopted, 2018 WL 306666 (E.D. Cal. Jan. 5, 2018) John-Charles v. Abanico, No. C07-5786CW(PR), 2011 WL 738400, at *9

1  (N.D. Cal. Feb. 23, 2011) (officer grabbed and stroked inmate's genitals numerous times during
2  search).  Plaintiff's allegations are much more like those the Third Circuit found did not rise to
3  the level of an Eighth Amendment violation - "a single pat-down frisk in which a correctional
4  officer grabbed [the inmate's] genitals through his clothing two times." Obiegbu v. Werlinger,
5  581 F. App'x 119, 121 (3d Cir. 2014).

6  This court finds that permitting plaintiff any additional opportunities to amend his
7  complaint would be futile.  Accordingly, this court will recommend this action be dismissed for
8  plaintiff's failure to state a claim.  See 28 U.S.C. § 1915A(b)(1).

9  For these reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a
10 district judge to this case; and

11 IT IS RECOMMENDED that this action be dismissed for failure to state a claim
12 cognizable under 42 U.S.C. § 1983.

13 These findings and recommendations will be submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after
15 being served with these findings and recommendations, plaintiff may file written objections with
16 the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
17 Recommendations."  Plaintiff is advised that failure to file objections within the specified time
18 may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d
19 1153 (9th Cir. 1991).

20 Dated:  April 22, 2020

23 DLB:9
DLB1/prisoner-civil rights/whit0170.SAC scrn fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE